IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AIG PROPERTY CASUALTY COMPANY, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. _____ | |
| § | | |
| MARK ANDREW SCHULTZ, § | | |
| Defendant. § | | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

1. AIG Property Casualty Company ("AIG") petitions this Court pursuant to the Declaratory Judgments Act, 28 U.S.C. Section 2201, Texas Civil Practice and Remedies Code Section 37.001, *et seq*. and Federal Rule of Civil Procedure 57, for construction of an insurance policy and declarations regarding the parties' rights and obligations under the policy with respect to an underlying lawsuit against the defendant Mark Andrew Schultz ("Schultz").

2. Plaintiff AIG is an insurer domiciled in Illinois and authorized to do business in Texas with its principal place of business in New York.

3. Defendant Schultz is an individual domiciled in Texas, where he is a citizen. Schultz can be served at his residence located at 1733 Kipling Street, Houston, Texas, 77098, or wherever he may be found.

4. The amount in controversy exceeds $75,000, exclusive of interest and costs. The parties to this lawsuit are of different states. Therefore, this Court has jurisdiction over the lawsuit under 28 U.S.C. Section 1332. Venue is proper in the Southern District of Texas, Houston Division, pursuant to 28 U.S.C. Section 1391 (b)(2) because the insurance policy made the subject

of the declaratory relief sought in this lawsuit was issued to the defendant in Houston, Harris County, and the underlying lawsuit is pending there.

5. AIG issued to Schultz Personal Excess Liability Policy number PCG 0012499043, effective May 30, 2019 to May 30, 2020 (the "AIG Policy"). A copy of the AIG Policy is attached as Exhibit A.

6. The AIG Policy provides limits of $5 million per "occurrence" for excess liability and generally requires certain underlying liability insurance in amounts provided by the AIG Policy.

7. Upon information and belief Schultz is insured under a personal automobile liability policy issued by another insurance company. This policy is primary to the AIG Policy.

8. The insuring agreement to the AIG Policy states in relevant part that AIG "will pay 'damages' an 'insured person' is legally obligated to pay because of 'personal injury' or 'property damage' caused by an 'occurrence' covered by this policy…"

9. The AIG Policy defines "personal injury" to include "bodily injury," which means "physical bodily harm, including sickness or disease that results from it, and required care, loss of services or resulting death."

10. The AIG Policy also contains the following relevant exclusion:

> This insurance does not provide coverage for liability, defense costs or any other cost or expense:
>
> **1.** Auto or Recreational Motor Vehicles
>
> Arising out of the ownership, maintenance, use, loading or unloading of:
>
> * * *
>
> **b.** Any **auto** or **recreational motor vehicle** not covered by any underlying insurance or not listed on the Declarations Page of this Policy.

11. The AIG Policy defines "auto" as "any motorized land vehicle which requires motor vehicle registration or operator licensing. This includes self-propelled motor homes, motorcycles and attached trailers or semi-trailers."

12. No "autos" are scheduled to the AIG Policy or listed on the Declarations Page to the AIG Policy. Therefore, the AIG Policy does not provide coverage for liability arising out of the ownership or use of an "auto."

13. Schultz is a defendant in a lawsuit styled *John Garcia and Ambrie Garcia v. Mark Andrew Schultz*, Cause No. 2020-32306, pending in the 164th Judicial District Court of Harris County, Texas (the "*Garcia* Lawsuit"). A copy of the plaintiffs' original petition is attached as Exhibit B.

14. In the *Garcia* Lawsuit, the plaintiffs contend that they were involved in an automobile accident with Schultz on October 29, 2019 on Charters Street in Houston, Texas. The plaintiffs allege that Schultz was negligent in operating his vehicle and struck the back end of the plaintiffs' vehicle. The plaintiffs seek over $1 million in damages.

15. Schultz tendered the original petition in the *Garcia* Lawsuit to AIG and requested indemnity coverage for at least two settlement demands in excess of his personal automobile liability policy. AIG denied Schultz' request for coverage because the AIG Policy does not provide coverage for liability arising out of the ownership or use of an "auto," which is the crux of the plaintiffs' claims against Schultz in the *Garcia* Lawsuit.

## DECLARATORY RELIEF

16. AIG seeks a declaration that it owes no obligation to provide coverage to Schultz in the *Garcia* Lawsuit.

17. In particular, AIG seeks a declaration that the AIG Policy does not provide coverage for liability, defense costs, or other cost or expense arising out of Schultz' ownership, maintenance or use of the "auto" with respect to the *Garcia* Lawsuit and any other claims or lawsuits arising out of the auto accident involving Schultz on October 29, 2019.

18. WHEREFORE, PREMISES CONSIDERED, plaintiff respectfully requests the court to:

(1) declare that the AIG Policy does not provide coverage to the defendant with respect to the auto accident he was involved in on October 29, 2019; and

(2) grant such other and further relief to which the plaintiff may be entitled.

Respectfully submitted,

s/Ellen Van Meir
Ellen Van Meir
Attorney-In-Charge
State Bar No. 00794164
Southern District Bar No. 20363
evanmeir@thompsoncoe.com

Mariah B. Quiroz
Of Counsel
State Bar No. 24031714
Southern District Bar No. 598901
mquiroz@thompsoncoe.com

THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201-2832
(214) 871-8200
(214) 871-8209 - FAX

COUNSEL FOR PLAINTIFF