5/28/2020 6:42 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 43313916
By: Cynthia Clausell-McGowan
Filed: 5/28/2020 6:42 PM

CAUSE NO. _____

| | | |
|---|---|---|
| **JOHN GARCIA, AND AMBRIE GARCIA,** § § § | | **IN THE DISTRICT COURT** |
| **PLAINTIFFS** § | | |
| § | | \_\_\_\_ **JUDICIAL DISTRICT** |
| **VS.** § | | |
| § | | |
| **MARK ANDREW SCHULTZ,** § | | **HARRIS COUNTY, TEXAS** |
| **DEFENDANT** § | | |

## PLAINTIFFS' ORIGINAL PETITION WITH REQUESTS FOR DISCLOSURE

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES **JOHN GARCIA AND AMBRIE GARCIA**, hereinafter referred to by their names or as Plaintiffs, and complain of **MARK ANDREW SCHULTZ**, hereinafter referred to by name or as Defendant, and for cause of action would respectfully show unto the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

1. Plaintiffs intend that discovery be conducted under LEVEL 3 of RULE 190 of the TEXAS RULES OF CIVIL PROCEDURE.

### II.
### PARTIES

2. Plaintiffs **JOHN GARCIA AND AMBRIE GARICA** are individuals residing in NUECES COUNTY, Texas.

3. Defendant **MARK ANDREW SCHULTZ** is an individual residing in HARRIS COUNTY, Texas, and may be served with process at Defendant's residence, located at 1733 Kipling St., Houston, Texas 77098.

### III.
### JURISDICTION & VENUE

4. This Court has jurisdiction over the parties because the amount in controversy is within the jurisdictional limits of this Court. Additionally, this Court has jurisdiction over the parties because Defendant is a Texas resident and/or does business in the State of Texas.

5. Venue is proper in HARRIS COUNTY in this cause pursuant to § 15.002(a)(2) of the CIVIL PRACTICE & REMEDIES CODE because the incident which forms the basis of this lawsuit occurred in HARRIS COUNTY, TEXAS

# IV.
# FACTS

6. On or about October 29, 2019, Plaintiff **JOHN GARCIA** was operating a 2017 Ford Explorer in a lawful manner while traveling northbound on Charters St. in Houston, Harris County, Texas. **AMBRIE GARCIA** was also an occupant of the 2017 Ford Explorer vehicle. Defendant **MARK ANDREW SCHULTZ**, was operating a 2015 Chevrolet Suburban, when suddenly, and without warning, struck the back end of plaintiffs.

# V.
# CAUSES OF ACTION AGAINST DEFENDANT

*A.* *NEGLIGENCE*

7. The occurrence made the basis of this suit, reflected in the above paragraphs, and the resulting injuries and damages of Plaintiffs were proximately caused by the negligent conduct of the Defendant **MARK ANDREW SCHULTZ**, who operated the vehicle Defendant was driving in a negligent manner by violating the duty which Defendant owed the Plaintiffs to exercise ordinary care in the operation of Defendant's motor vehicle.

8. This negligence proximately caused the collision and injuries and other losses as set forth herein.

# VI.
# DAMAGES

9. As a direct and proximate result of the collision and the negligent conduct of the Defendant, Plaintiffs **JOHN GARCIA AND AMBRIE GARCIA** suffered bodily injuries as reflected in the medical records from the health care providers that have treated the injuries since the collision. The injuries may be permanent in nature. The injuries have had an effect on the Plaintiffs' health and well-being. As a further result of the nature and consequences of his injuries, the Plaintiffs have suffered and may continue to suffer into the future, physical pain and mental anguish.

10. As a further result of all of the above, Plaintiffs have incurred expenses for medical care and attention in the past and may incur medical expenses in the future to treat such injuries.

11. Plaintiffs have also suffered losses and damages to personal property, including but not limited to damage to Plaintiffs' vehicle for which Plaintiffs have never been compensated.

12. By reason of all of the above, Plaintiffs have suffered losses and damages in a sum within the jurisdictional limits of this Court for which Plaintiffs now sue.

13. Plaintiffs assert that the amount of any monetary damages awarded to Plaintiffs should be decided by a jury of Plaintiffs' peers. However, RULE 47 of the TEXAS RULES OF CIVIL PROCEDURE requires Plaintiffs to affirmatively plead the amount of damages sought. Pursuant to RULE 47 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiffs seeks monetary relief **OVER ONE MILLION AND 00/100 DOLLARS ($1,000,000.00)** and a demand for judgment for all the other relief to which Plaintiffs are justly entitled at the time of filing this suit, which, with the passage of time, may change.

## VII.
## INTEREST

14. Plaintiffs further request both pre-judgment and post-judgment interest on all Plaintiffs' damages as allowed by law.

## VIII.
## DEMAND FOR JURY TRIAL

15. Plaintiffs **JOHN GARCIA AND AMBRIE GARCIA** demand trial by jury. Plaintiffs acknowledge payment this date of the required jury fee.

## IX.
## REQUEST FOR DISCLOSURE

16. Pursuant to RULE 194 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant is requested to disclose, within fifty (50) days of service hereof, the information and material described in each section of RULE 194.2.

## X.
## NOTICE OF SELF-AUTHENTICATION

17. Pursuant to RULE 193.7 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant is hereby noticed that the production of any document in response to written discovery authenticates the document for use against that party in any pretrial proceeding or at trial.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs request that the Defendant be cited to appear and answer, and on final trial hereafter, the Plaintiffs have judgment against the Defendant in an amount within the jurisdictional limits of this Court, together with all pre-judgment and post-judgment interest as allowed by law, costs of Court, and for such other and further relief to which Plaintiffs may be justly entitled by law and equity, including, but not limited to:

1. Pain and suffering in the past;
2. Pain and suffering in the future;
3. Mental anguish in the past;
4. Mental anguish in the future;
5. Past medical expenses;
6. Future medical expenses;
7. Physical impairment in the past;
8. Physical impairment in the future;
9. Physical disfigurement in the past;
10. Physical disfigurement in the future;
11. Lost wages in the past;
12. Loss of future wage earning capacity;
13. Loss of use;
14. Pre-judgment interest;
15. Post-judgment interest; and
16. Exemplary damages;

RESPECTFULLY SUBMITTED,

THE LAW OFFICE OF THOMAS J. HENRY P.L.L.C
521 Starr Street
Corpus Christi, Texas 78401
Tel. (361) 985-0600
Fax. (361) 985-0601

By: _____
Sam Bavafa
State Bar No. 24103835
*Email: sbavafa-svc@tjhlaw.com
* **service by this email only**

**ATTORNEYS FOR PLAINTIFFS**