**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| AIG PROPERTY CASUALTY COMPANY, | § | |
| Plaintiff, | § | |
| | § | |
| | § | CIVIL ACTION NO. 4:20-CV-03213 |
| v. | § | |
| | § | |
| MARK ANDREW SCHULTZ, | § | |
| Defendant. | § | |
| | § | |

**DEFENDANT'S MOTION TO DISMISS
or in the alternative, MOTION TO STAY**

Defendant Mark Andrew Schultz files his Motion to Dismiss AIG Property Casualty

Company's ("AIG") request for declaratory judgment pursuant to its discretionary powers

under the Federal Declaratory Judgment Act, 28 U.S.C. §2201(a), and in the alternative,

pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).  In the event the Court

accepts jurisdiction of this matter, Schultz moves to stay this action pending further

development of the underlying state court action.

### I.  Nature and Stage of Proceeding

1.     On September 15, 2020, AIG filed its Original Complaint seeking a

declaration addressing coverage for its indemnity obligations under the provisions of a

Personal Excess Liability Policy governed by Texas law.  More specifically, AIG seeks a

declaratory judgment that it has no obligation to provide coverage for indemnity,

incorrectly claiming "the AIG Policy does not provide coverage for liability arising out of

the ownership or use of an 'auto'. . . ."  *See* Plaintiff's Original Complaint [Document 1].

1

2.      Schultz timely files this Motion to Dismiss prior to filing his Answer and any counterclaim because there is no justiciable controversy regarding AIG's duty to indemnify Schultz in the underlying lawsuit nor is the issue ripe for consideration.  Accordingly, it is respectfully requested that the Court dismiss AIG's complaint under 28 U.S.C. §2201(a), or in the alternative, pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).

## II.  Statement of Issue and Standard of Review

3.      AIG seeks a declaration that it is not obligated to indemnify Schultz for claims made in the lawsuit captioned as Cause No. 2020-32306; *John Garcia and Ambrie Garcia v. Mark Andrew Schultz*, In the 164th Judicial District Court of Harris County, Texas under the AIG Policy.  However, AIG's request for a declaratory judgment addressing its indemnity obligations necessarily turns on further developments in the underlying state court litigation.  *See e.g.,* Document 1.

4.      District courts have discretion whether to entertain a declaratory judgment action.  *Wilton v. Seven Falls Co*., 515 U.S. 277, 286 (1995)(federal courts have "unique and substantial discretion in deciding whether to declare the rights of litigants").  Furthermore, under Texas law, indemnity actions are typically not justiciable until "the underlying suit is concluded." *See Northfield Ins*. *Co*. *v*. *Loving Home Care*, *Inc*., 363 F.3d 523, 529 (5th Cir. 2004) ("Generally, Texas law only considers the duty-to-indemnify question justiciable after the underlying suit is concluded . . . ." (citing *Farmers Tex*. *Cnty*. *Mut*. *Ins*. *Co*. *v*. *Griffin*, 955 S.W.2d 81, 84 (Tex. 1997)).  Since there is no allegation AIG presently owes a duty to defend under the AIG Policy, the exception

announced in *Griffin* does not apply and AIG's duty to indemnify is currently not justiciable.

5.     In the event Schultz' Motion to Dismiss is not granted, Schultz requests that the Court stay AIG's request for a declaratory judgment pending further developments in the underlying litigation that would create a justiciable controversy necessitating this Court's intervention.  The decision to stay a case pending related litigation in state court is a matter of judgment for the Court and is reviewed for an abuse of discretion. *See Exxon Corp. v. St. Paul Fire and Marine Ins. Co.*, 129 F.3d 781, 784 (5th Cir. 1997).

### III.  Argument & Authority

#### A.  Background.

6.     AIG issued the AIG Policy designating Schultz as an insured under the terms and conditions of the policy granting various rights thereunder.  The AIG Policy is governed by Texas law.  *See* Exhibit A to Plaintiff's Original Complaint.

7.     Schultz was sued as a defendant in Cause No. 2020-32306, pending in the 164th Judicial District Court of Harris County, Texas on May 28, 2020.  The lawsuit seeks compensation for bodily injury arising out of the Schultz' use of his automobile on October 29, 2019.  On or about June 30, 2020, Schultz, through brokers, provided notice of the claim made against him to AIG in accordance with the terms of the AIG Policy.  On or about July 1, 2020, AIG acknowledged receipt of Schultz' notice, stating it had been reported "as a notice only occurrence . . . ."

8.     Schultz' primary carrier is undertaking its duty to defend pursuant to the terms and provisions of his underlying primary policy of liability insurance.  No request has been made for AIG to provide a defense in the state court lawsuit.

### B. Dismissal is proper if there is no justiciable controversy under the DJA for this court to consider.

9.     In passing the Declaratory Judgment Act (DJA), "Congress enlarged the range of remedies available in the federal courts but did not extend their jurisdiction." *Skelly Oil Co., v. Phillips Petroleum Co.,* 339 U.S. 667, 672, 70 S.Ct. 876, 94 L.Ed. 1194 (1950); *Countrywide Home Loans Inc. v. Mortgage Guar Ins. Corp.,* 642 F.3d 849, 852-853 (9th Cir. 2011). "By the Declaratory Judgment Act, Congress sought to place a *remedial* arrow in the district court's quiver" and that "consistent with the *non-obligatory nature of the remedy,* a district court is authorized *in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment*." *Wilton,* 515 U.S. at 288 (emphasis added).

10.    Such discretion is not unfettered, however.  Justiciability under the DJA is required for subject matter jurisdiction under the DJA.  The DJA grants the federal courts discretion to grant declaratory relief only in "a case of actual controversy." 28 U.S.C. §2201(a); *In re Jillian Morrison, L.L.C.*, 482 Fed. Appx. 872, 874-76 (5th Cir. 2012) ("Although the Declaratory Judgment Act, 28 U.S.C. §2201, is remedial in nature and is to be construed liberally to achieve its purposes, it is designed to permit adjudication of claims only where there is an actual case or controversy and an adjudication would serve a useful purpose."); *Americas Ins. Co. v. Schlumberger Ltd.,* 111 F.3d 893, 1997 WL 156867, *1

(5th Cir.1997) (unpublished) (citing *Allstate Ins. Co. v. Employers Liability Assurance Corp.,* 445 F.2d 1278, 1280 (5th Cir.1971)).

11.     A district court properly grants a motion to dismiss for lack of subject matter jurisdiction when the court lacks the necessary power to adjudicate the case.   *Home Builders Ass'n of Mississippi, Inc. v. City of Madison, Mississippi,* 143 F.3d 1006, 1010 (5th Cir. 1998). "Since standing and ripeness are essential components of federal subject-matter jurisdiction, the lack of either can be raised at any time by a party or by the court." *Robinson v. Parker,* 353 S.W.3d 753, 755 (Tex. 2011); *In re Jillian Morrison, L.L.C.*, 482 Fed. Appx. at 874-76; *Sample v. Morrison,* 406 F.3d 310, 312 (5th Cir.2005) (per curiam).

12.     A case is ripe when it is no longer "abstract or hypothetical," and the key considerations are "the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *In re Jillian Morrison,* 482 Fed. Appx. 874-76; *Americas Ins.,* 111 F.3d at 893 (citing *New Orleans Public Serv., Inc. v. Council of New Orleans,* 833 F.2d 583, 586 (5th Cir.1987)). "A case is generally ripe if any remaining questions are purely legal ones; conversely, a case is not ripe if further factual development is required." *In re Jillian Morrison*, 482 Fed. Appx. at 874-76; *New Orleans Public Serv.,* 833 F.2d at 587 (citing *Thomas v. Union Carbide Agric. Prod. Co.,* 473 U.S. 568, 581, 105 S.Ct. 3325, 87 L.Ed.2d 409 (1985)).

13.     The burden is on the party claiming declaratory judgment jurisdiction to establish that an Article III case or controversy existed at the time the claim for declaratory relief was filed.   *Arris Group Inc. v. British Telecommunications PLC,* 639 F.3d 1368, 1373-74 (Fed. Cir. 2011).   Furthermore, a court has authority to dismiss a suit for failure

to state a claim upon which relief can be granted if the complaint does not state factual allegations showing that the right to relief is plausible.  *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555-56 & n.3. (2007).

### C. Adjudication of the duty to indemnify is generally not appropriate until Schultz becomes legally liable in the underlying state court lawsuit.

14.     In the context of the duty to indemnify under an insurance policy, the Texas Supreme Court generally states, "there [is] no justiciable controversy regarding the insurer's duty to indemnify before a judgment has been rendered against an insured." *Griffin,* 955 S.W.2d at 83.  The Texas Supreme Court identified a narrow exception to the general rule in *Farmers Tex. Cnty. Mut. Ins. v. Griffin*.  It held that the "duty to indemnify is justiciable before the insured's liability is determined in the liability lawsuit when the insurer has no duty to defend *and the same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify.*" *Id.* (emphasis in original); *Canal Indem. Co. v. Rapid Logistics, Inc.*, 514 Fed. Appx. 474, 479 (5th Cir. 2013).

15.     Since *Griffin,* the Fifth Circuit and its district courts have been consistent in its application – unless the grounds which defeat the duty to defend also defeat any possibility the insurer will ever have a duty to indemnify, the duty to indemnify is not an issue ripe for consideration nor does a justiciable controversy exist for the district court to consider.  *See e.g., Ironshore Specialty Ins. Co. v. Tractor Supply Co.*, 624 Fed. Appx. 159, 163-64 (5th Cir. 2015) (holding justiciable controversy existed regarding duty to indemnify because jury awarded $8 million judgment in underlying lawsuit); *Rapid Logistics, Inc.*,

514 Fed. Appx. at 479 (duty to indemnify was justiciable under Texas law because insurer did not have a duty to defend and there was no conceivable proof that could be developed in state court action that could transform excluded "employee" into one covered by policy); *In re Jillian Morrison,* 482 Fed. Appx. at 874-76 (duty to indemnify not ripe for consideration because further factual development needed to take place before the case was ripe for review by district court); *Northfield Ins. Co. v. Loving Home Care, Inc.,* 363 F.3d 523, 529 (5th Cir.2004) (holding duty to indemnify not justiciable because the underlying litigation was not complete and, therefore, proof could be developed in state court action proving coverage.); *Westport Insurance Corp. v. Atchley, Russell, Waldrop Hlavinka, L.L.P.,* 267 F.Supp.2d 601, 626 (E.D. Tex. 2003) (pursuant to its obligations under diversity jurisdiction and *Erie*, ruling Texas law prohibits the determination of the duty to indemnify before the conclusion of the underlying litigation).

### D. AIG cannot establish the narrow *Griffin* exception regarding its duty to defend Schultz in the underlying litigation.

16.     AIG is unable to establish its duty to indemnity fits into the narrow exception established by *Griffin*. *Griffin,* 955 S.W.2d at 84.  AIG does not currently owe a duty to defend Schultz and any circumstances that could trigger this duty is remote.  Furthermore, no tender of Schultz' defense has been made by the primary carrier to AIG, Schultz' liability, if any, for the claims advanced in the state court litigation has not been established and no determination has been made as to the amount in damages, if any, Schultz may owe for the claims made against him.  Moreover, there are no allegations that judgment has been rendered against Schultz, a settlement has been reached in the underlying state court

litigation or that Schultz is legally obligated to pay any sums as damages because of "property damage" or "personal injury" to which the AIG Policy applies.  As such, any ruling addressing AIG's duty to indemnity Schultz for damages, if any, he may become legally obligated to pay would constitute an advisory opinion at this stage and should be dismissed.

### IV. Alternative Motion to Stay

17.    Federal Rule of Civil Procedure 13 requires a pleading to state as a counterclaim any claim which at the time of serving the pleading the pleader has against the opposing party if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim.  If this matter is not dismissed or stayed, Schultz would be required under the federal rules to assert his counterclaim for breach of contract against AIG for its anticipatory repudiation of the contractual obligation for coverage under the terms of the AIG Policy, even though the underlying trigger for coverage – the existence of an excess liability – has not been determined.  Consequently, if this Civil Action is not dismissed, Schultz requests the Court to stay AIG's claim until resolution of Cause No. 2020-32306, pending in the 164th Judicial District Court of Harris County, Texas.  A stay of this matter at this stage would prevent a waste of the Court's resources until such time as factual determinations are made in the underlying litigation as to whether the duty to indemnify under the excess policy is triggered.

### V. Conclusion

18.    Under *Griffin's* express language, insurers are not entitled to an early declaration negating the duty to indemnify in all cases, only those in which a finding that

a duty to defend does not exist and a determination of that duty may naturally be extended to the duty of indemnity.  In the present case, because the duty to defend has not been triggered under the AIG Policy, there is no immediate controversy requiring this Court's resources and the requested declaration addressing indemnity coverage constitutes an advisory opinion before a judgment, if any, is rendered against Schultz.

WHEREFORE, PREMISES CONSIDERED, Defendant, Mark Andrew Schultz, prays that the Court grant his Motion to Dismiss Plaintiff's Complaint pursuant to its remedial powers under the DJA, and in the alternative, pursuant to Rule 12(b)(1) and (b)(6) of the Federal Rules of Civil Procedure and for any such other and further relief, legal or equitable, general or specific, to which he may show himself justly entitled.  In the event the Court determines the request is not appropriate, Schultz respectfully requests this matter be stayed until it is determined whether the amount in damages, if any, Schultz may become legally liable to pay exceeds the limits of his underlying policy of insurance or until further developments in the underlying state court litigation necessarily requires resolution of AIG's duties under the AIG Policy.

<div style="margin-left: 40%;">

Respectfully submitted,

The Axelrad Law Firm, PLLC

     /s/ Jonathan Axelrad     
Jonathan Axelrad
Federal ID No. 22053
The Clocktower Building
3401 Allen Parkway, Suite 100
Houston, Texas 77019
Phone:      (713) 759-1600
Facsimile:   (713) 583-1606
E-Mail:     ja@talfpllc.com

</div>

## CERTIFIATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing document was served upon all counsel of record through the Notice of Electronic Filing or by e-mail on December 7, 2020.

_____/s/ Jonathan Axelrad_____
Jonathan Axelrad