UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AIG PROPERTY CASUALTY COMPANY, §<br>Plaintiff, § §<br>§ CIVIL ACTION NO. 4:20-CV-03213<br>v. §<br>§<br>MARK ANDREW SCHULTZ, §<br>Defendant. §<br>§ | | |

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO
MOTION TO DISMISS or in the alternative, MOTION TO STAY**

Defendant Mark Andrew Schultz ("Schultz") files his Reply to AIG Property Casualty Company's ("AIG") Response to his Motion to Dismiss. AIG does not establish the existence of an Article III case or controversy necessary for this Court's declaratory judgment jurisdiction. The following points are raised in reply to AIG's response to the Motion.

**I. AIG misstates the record**

1. AIG contends "Schultz tendered the *Garcia* Lawsuit to AIG and requested indemnity coverage under the AIG Policy[.]" *See* Response at p. 1. AIG is incorrect. Schultz provided notice of the loss to AIG in accordance with the terms of the AIG Policy. *See* Document #1, Exhibit A, the AIG Policy, Part VI – Your Duties, C. You Duties After A Loss. Since the primary carrier[1] for Schultz' underlying insurance has accepted its duty

---
[1] AIG concedes Schultz' underlying policy is primary to the AIG Policy. *See* Response at 1; *see also,* AIG Complaint at ¶7.

1

to provide a defense for the claims made in the *Garcia* Lawsuit, Schultz has not made any demand of AIG pursuant to the AIG Policy. More specifically, he has not forwarded nor tendered for payment any demands to AIG, as suggested without any evidentiary support, in the Response.

**II. AIG fails to address the *Griffin* factors**

2.     AIG contends a policy exclusion[2] should be adjudicated before an insured's liability is determined even when the insurer does not have a current duty to defend, the limits of the underlying insurance have not been exhausted, and the primary carrier has not tendered, and upon information and belief has no current plan to tender, the defense of the *Garcia* Lawsuit to AIG. Since it is undisputed AIG does not currently have the duty to defend Schultz, the narrow exception carved out in *Griffin* should not permit AIG to invoke this Court's discretionary jurisdiction under the guise of a derived "justiciable controversy."

3.     Post-*Griffin* courts have consistently applied *Griffin* in reaffirming that the duty to indemnify is justiciable before determining the insured's liability only in limited

---

[2] As stated in the Motion, courts have authority to dismiss a suit for failure to state a claim upon which relief can be granted if the complaint does not state factual allegations showing that the right to relief is plausible. *See generally, Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). AIG's Complaint and its Response to the Motion state the exclusion that is the purported basis for its request for declaratory relief "excludes coverage for liability, defense costs or any other cost or expense arising out of the ownership or use of any 'auto' **not listed on the policy declarations page**." *See* Response at 5. In reality, the exclusion actually states that coverage is excluded only if the auto is "**not covered by any underlying insurance <u>or</u> not listed on the Declarations Page of this policy**." *See* Document #1, Exhibit A, AIG Policy at 8. Since Schultz' automobile is covered by applicable underlying insurance, AIG's request for declaratory relief does not state factual allegations showing a plausible right to the relief it has requested. The Complaint and Response wholly fail to address the disjunctive set forth in the relied-upon exclusion. Consequently, dismissal is appropriate on this basis, as well.

circumstances.  In addition to the authority cited in the Motion, other Texas district courts have addressed *Griffin* and applied it in similar circumstances where a liability insurer sought a ruling on liability for indemnity obligations before a judgment is entered.  *See e.g.: Mid-Continent Casualty Co. v. Christians Development Co.*, No. A-16-CA-31- LY, 2016 WL 1734114 (W.D. Tex. Apr. 28, 2016).  In *Christians Development Co.*, Judge Yeakel affirmed a Report and Recommendation of the United States Magistrate Judge that determined declaratory relief addressing an insurer's indemnity obligation was pre-mature because the insurer "failed to show that no facts could possibly be proven in the underlying case that would trigger a duty to indemnify." *Id.*

4. AIG's Response does not establish that a declaration addressing its duty to indemnify under current circumstances fits into the narrow exception established by *Griffin*. *Griffin,* 955 S.W.2d at 84.  AIG does not claim it currently owes a duty to defend Schultz.  No tender of Schultz' defense has been made by the primary carrier to AIG. Schultz' liability, if any, for the claims advanced in the state court litigation remains to be established.  AIG fails to establish that an actual case or controversy exists at this stage. Since AIG has not been requested to provide a defense or accept a demand for indemnity, adjudication of AIG's request for declaratory relief would serve no useful purpose.  *See generally, In re Jillian Morrison, L.L.C.*, 482 Fed. Appx. at 876.

### III. Conclusion

5. In the present case, the duty to defend has not been triggered under the AIG Policy.  There is no immediate controversy requiring this Court's resources and the requested declaration addressing indemnity coverage constitutes an advisory opinion

before a judgment, if any, is rendered against Schultz. Accordingly, it is respectfully requested that the Court dismiss AIG's complaint under 28 U.S.C. §2201(a), or in the alternative, pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).

Respectfully submitted,

The Axelrad Law Firm, PLLC

　　　/s/ Jonathan Axelrad　　　
Jonathan Axelrad
Federal ID No. 22053
The Clocktower Building
3401 Allen Parkway, Suite 100
Houston, Texas 77019
Phone:      (713) 759-1600
Facsimile:  (713) 583-1606
E-Mail:     ja@talfpllc.com

## CERTIFIATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing document was served upon all counsel of record through the Notice of Electronic Filing or by e-mail on January 4, 2021.

　　　/s/ Jonathan Axelrad　　　
Jonathan Axelrad