IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| AIG PROPERTY CASUALTY COMPANY, § § Plaintiff, § § v. § § MARK ANDREW SCHULTZ, § § Defendant. § | CIVIL ACTION NO. H-20-3213 |

**MEMORANDUM OPINION AND ORDER**

Plaintiff AIG Property Casualty Company ("Plaintiff") seeks a declaration that the personal excess liability policy (the "AIG Policy") that it issued to defendant Mark Schultz ("Defendant") does not provide coverage to Defendant with respect to an auto accident he was involved in on October 29, 2019.[1] Pending before the court is Defendant's Motion to Dismiss or in the alternative, Motion to Stay ("Defendant's Motion") (Docket Entry No. 8). Defendant moves to dismiss Plaintiff's request for declaratory judgment pursuant to the Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201(a) or in the alternative under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons set forth below, Defendant's Motion will be granted and this case will be dismissed.

---

[1]Plaintiff's Original Complaint ("Complaint"), Docket Entry No. 1, p. 4 ¶ 18(1). All page numbers for docket entries in the record refer to the pagination inserted at the top of the page by the court's electronic filing system, CM/ECF.

## I. Factual and Procedural Background

Plaintiff issued to Defendant the AIG Policy.[2] Defendant's primary automobile liability insurance is provided by another insurer.[3]

On October 29, 2019, Defendant was involved in an automobile accident that allegedly injured John and Ambrie Garcia.[4] On May 28, 2020, the Garcias filed suit against Defendant in the 164th Judicial District Court of Harris County, Texas, alleging that he negligently caused the accident and seeking over $1 million in damages from him (the "Garcia Lawsuit").[5] No judgment has yet been rendered in the case, and liability has not been established.

On September 15, 2020, Plaintiff filed its complaint seeking a declaration that the AIG Policy does not provide coverage for any damages arising out of Defendant's "ownership, maintenance or use of the 'auto' with respect to the Garcia Lawsuit" or "any other claims or lawsuits arising out of the auto accident involving Schultz on October 29, 2019."[6] Subsequent filings by Plaintiff

---

[2] Id. at 2 ¶¶ 5-6; AIG Policy, Exhibit A to Complaint, Docket Entry No. 1-1.

[3] Complaint, Docket Entry No. 1, p. 2 ¶ 7; Defendant's Reply to Plaintiff's Response to Motion to Dismiss or in the alternative, Motion to Stay ("Defendant's Reply"), Docket Entry No. 11, p. 1 ¶ 1.

[4] Complaint, Docket Entry No. 1, p. 3 ¶ 14; Defendant's Motion, Docket Entry No. 8, p. 3 ¶ 7.

[5] John and Ambrie Garcia's Original Petition with Requests for Disclosure ("Garcia Petition"), Exhibit B to Complaint, Docket Entry No. 1-2, pp. 2-3 ¶¶ 7-13.

[6] Complaint, Docket Entry No. 1, pp. 3-4 ¶¶ 16-17.

make clear that it seeks a declaration that it owes neither a duty to defend nor a duty to indemnify Defendant.

On December 7, 2020, Defendant timely filed a Motion to Dismiss Plaintiff's request for declaratory judgment.[7] On December 28, 2020, Plaintiff filed its Response to Defendant's Motion to Dismiss.[8] On January 4, 2021, Defendant filed its Reply to Plaintiff's Response.[9]

## II. Standard of Review

"A declaratory judgment action is ripe for adjudication only where an 'actual controversy' exists." Orix Credit Alliance, Inc. v. Wolfe, 212 F.3d 891, 896 (5th Cir. 2000) (quoting 28 U.S.C. § 2201(a)). "Whether an actual controversy exists must be determined on a case-by-case basis, but, as a general rule, one exists where a substantial controversy of sufficient immediacy and reality exists between parties having adverse legal interests." TOTAL Gas & Power North America, Inc. v. Federal Energy Regulatory Commission, 859 F.3d 325, 333 (5th Cir. 2017) (internal quotations, citations, and alterations omitted). "A controversy, to be justiciable, must be such that it can presently be litigated and decided and not hypothetical, conjectural, conditional or based upon the possibility of a factual situation that may never

---

[7]Defendant's Motion, Docket Entry No. 8.

[8]Plaintiff's Response to Defendant's Motion to Dismiss ("Plaintiff's Response"), Docket Entry No. 10.

[9]Defendant's Reply, Docket Entry No. 11.

develop." Brown & Root, Inc. v. Big Rock Corp., 383 F.2d 662, 665 (5th Cir. 1967).

Federal Rule of Civil Procedure 12(b)(1) permits a party to move that the court dismiss a case for "lack of subject-matter jurisdiction." Whether evaluating the justiciability of a case under 28 U.S.C. § 2201(a) or in the context of a Rule 12(b)(1) motion, "'[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case.'" Home Builders Association of Mississippi, Inc. v. City of Madison, Mississippi, 143 F.3d 1006, 1010 (5th Cir. 1998). Standing and ripeness are essential components of federal subject-matter jurisdiction. Sample v. Morrison, 406 F.3d 310, 312 (5th Cir. 2005). "A case is generally ripe if any remaining questions are purely legal ones; conversely, a case is not ripe if further factual development is required." New Orleans Public Service, Inc. v. Council of City of New Orleans, 833 F.2d 583, 587 (5th Cir. 1987) (citing Thomas v. Union Carbide Agricultural Products Co., 105 S. Ct. 3325, 3333 (1985)). "The burden is on the party claiming declaratory judgment jurisdiction to establish that such jurisdiction existed at the time the claim for declaratory relief was filed." Asia Vital Components Co., Ltd. v. Asetek Danmark A/S, 837 F.3d 1249, 1252 (Fed. Cir. 2016).

Federal Rule of Civil Procedure 12(b)(6) permits a party to move that the court dismiss a complaint for "failure to state a claim upon which relief can be granted." A court reviewing

pleadings under this rule "'accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" Alexander v. AmeriPro Funding, Inc., 848 F.3d 698, 701 (5th Cir. 2017) (citing Martin K. Eby Construction Co. v. Dallas Area Rapid Transit, 369 F.3d 464, 467 (5th Cir. 2004)). But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). To survive a Rule 12(b)(6) motion to dismiss, a claimant must provide more than "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements[.]" Id. Instead the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Gonzalez v. Kay, 577 F.3d 600, 603 (5th Cir. 2009) (quoting Iqbal, 129 S. Ct. at 1949)).

### III. Discussion

Defendant argues that Plaintiff's duty to indemnify is not yet a subject of justiciable controversy because Defendant has not yet been held legally liable in the underlying state court lawsuit (the Garcia Lawsuit).[10] Plaintiff argues that a justiciable controversy

---

[10]Defendant's Motion, Docket Entry No. 8, p. 6.

exists between the parties because "Schultz tendered the <u>Garcia</u> Lawsuit to AIG and requested indemnity coverage for at least two large settlement demands, although the AIG Policy does not cover the loss."[11]  Defendant states that neither he nor his primary carrier ever tendered a request for defense to AIG.[12]  He insists that he merely "provided notice of the claim made against him to AIG in accordance with the terms of the AIG Policy."[13]  Because Defendant has not submitted any affidavits, testimony, or other evidentiary materials supporting this contention, the court will treat Defendant's argument as a facial attack on jurisdiction and will look only to the sufficiency of Plaintiff's allegations in the Complaint, presuming those allegations to be true.  See <u>Paterson v. Weinberger</u>, 644 F.2d 521, 523 (5th Cir. 1981).

The Texas Supreme Court has generally held that "there [is] no justiciable controversy regarding the insurer's duty to indemnify before a judgment has been rendered against an insured." <u>Farmers Texas County Mutual Insurance Co. v. Griffin</u>, 955 S.W.2d 81, 83 (Tex. 1997) (citing <u>Firemen's Insurance Co. v. Burch</u>, 442 S.W.2d 331 (Tex. 1968)); <u>see also LCS Corrections Services, Inc. v. Lexington Insurance Co.</u>, 800 F.3d 664, 668 (5th Cir. 2015) ("[W]e generally evaluate the insurer's duty to indemnify after the

---

[11]Plaintiff's Response, Docket Entry No. 10, pp. 2-3.

[12]Defendant's Motion, Docket Entry No. 8, p. 4 ¶ 8.

[13]<u>Id.</u> at 3 ¶ 7.

parties have developed the actual facts that establish liability in the underlying lawsuit.").

"An insurer's duty to defend and duty to indemnify are distinct and separate duties." Griffin, 955 S.W.2d at 82. An insurer may have a duty to defend a lawsuit but may not have a duty to indemnify the insured. Id. Alternatively, an insurer may not have to defend a lawsuit but may eventually have a duty to indemnify. See D.R. Horton-Texas, Ltd. v. Markel International Insurance Co., Ltd., 300 S.W.3d 740, 744 (Tex. 2009) ("We hold that even if Markel has no duty to defend D.R. Horton, it may still have a duty to indemnify D.R. Horton as an additional insured under Ramirez's CGL insurance policy."). "These duties can arise independently of one another because the duty to defend is determined by pleadings, but the duty to indemnify is determined by the facts that are eventually ascertained in the underlying lawsuit." Hartford Casualty Insurance Company v. DP Engineering, L.L.C., 827 F.3d 423, 430 (5th Cir. 2016) (citing D.R. Horton-Texas, 300 S.W.3d at 744). "Accordingly, the duty to indemnify typically cannot be adjudicated until there has been a judgment in the underlying suit because facts proven at trial may differ slightly from the allegations." Id. (citing Griffin, 955 S.W.2d at 83-84; Colony Insurance Co. v. Peachtree Construction, Ltd., 647 F.3d 248, 254-55 (5th Cir. 2011)).

There is a narrow exception to this rule. In Griffin the Texas Supreme Court held that "the duty to indemnify is justiciable

-7-

before the insured's liability is determined in the liability lawsuit when the insurer has no duty to defend <u>and the same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify.</u>" 955 S.W.2d at 84 (emphasis in original). The plaintiff in the underlying lawsuit in <u>Griffin</u> alleged that a drive-by shooting caused his injuries, but the insurance policy at issue in the case only covered "auto accident[s]." <u>Id.</u> The court reasoned that no set of facts could be developed in the underlying lawsuit that could transform a drive-by shooting into an "auto accident." <u>Id.</u> The insurance company in <u>Griffin</u> had no duty to defend, and, for the same reasons, had no duty to indemnify. <u>Id.</u>

"When an insured party is sued, an insurer's duty to defend is determined solely by the facts alleged in the petition and the terms of the policy." <u>Peachtree</u>, 647 F.3d at 253 (citing <u>Pine Oak Builders, Inc. v. Great American Lloyds Insurance Co.</u>, 279 S.W.3d 650, 654 (Tex. 2009)). This is called the "eight corners" rule. <u>Id.</u> "[T]he duty to defend does not rely on the truth or falsity of the underlying allegations; an insurer is obligated to defend the insured if the facts alleged in the petition, taken as true, <u>potentially</u> assert a claim for coverage under the insurance policy." <u>Id.</u> (emphasis in original) (citing <u>GuideOne Elite Insurance Co. v. Fielder Road Baptist Church</u>, 197 S.W.3d 305, 308 (Tex. 2006)). "Because the only two documents relevant to the

-8-

duty-to-defend inquiry are the insurance policy and the petition, an insurer's duty to defend can be determined at the moment the petition is filed." Id. "In contrast, an insurer's duty to indemnify generally cannot be ascertained until the completion of litigation, when liability is established, if at all." Id. (citing Griffin, 955 S.W.2d at 84). "This is because, unlike the duty to defend, which turns on the pleadings, the duty to indemnify is triggered by the actual facts establishing liability in the underlying suit, and whether any damages caused by the insured and later proven at trial are covered by the terms of the policy." Id. (citing Trinity Universal Insurance Co. v. Cowan, 945 S.W.2d 819, 821 (Tex. 1997); D.R. Horton-Texas, 300 S.W.3d at 744).

Plaintiff asserts that its request for declaratory relief is justiciable under Griffin because an exclusion in the AIG Policy "precludes AIG from owing a duty to defend once the underlying limits exhaust, and from owing a duty to indemnify."[14] Specifically, Plaintiff relies on language in the AIG Policy that provides as follows: "This insurance does not provide coverage for liability, defense costs or any other cost or expense . . . [a]rising out of the ownership, maintenance, use, loading or unloading of . . . [a]ny auto or recreational motor vehicle not covered by any underlying insurance or not listed on the

---

[14]Plaintiff's Response, Docket Entry No. 10, p. 5.

Declarations Page of this policy."[15]  Plaintiff points out that no autos are listed on the Declarations Page.[16]

The "eight corners" rule requires the court to look to the petition in the underlying lawsuit. See Peachtree, 647 F.3d at 253.  The Garcia Petition alleges that the Garcias were in "a 2017 Ford Explorer" and Defendant was "operating a 2015 Chevrolet Suburban" when Defendant "suddenly, and without warning, struck the back end of plaintiffs."[17]

These facts alone are not enough to show that Plaintiff has met the narrow exception set forth in Griffin.  As the Texas Supreme Court explained in D.R. Horton-Texas, the decision in Griffin was based on the "impossibility" of coverage.  300 S.W.3d at 745.  But coverage in this case is not impossible — application of the "eight corners" rule still leaves open the possibility that some set of facts could be developed in the Garcia Lawsuit under which Plaintiff would have a duty to defend.

For instance, the AIG Policy's auto exclusion does not apply to rented, borrowed, or "Newly Acquired" autos.[18]  Nothing within

---

[15]AIG Policy, Exhibit A to Complaint, Docket Entry No. 1-1, p. 13 ¶ (A)(1)(b).

[16]Plaintiff's Response, Docket Entry No. 10, p. 5; AIG Policy, Exhibit A to Complaint, Docket Entry No. 1-1, pp. 1-2.

[17]Garcia Petition, Exhibit B to Complaint, Docket Entry No. 1-2, p. 2 ¶ 6.

[18]AIG Policy, Exhibit A to Complaint, Docket Entry No. 1-1, p. 13 ¶ A.1.

the "eight corners" of the <u>Garcia</u> Petition or the AIG Policy establishes who owns the 2015 Chevrolet Suburban that Defendant allegedly drove when the accident giving rise to the <u>Garcia</u> Lawsuit took place. If it were revealed that the vehicle at the time of the accident was rented, borrowed, or "newly acquired" within the meaning of the AIG Policy, then a duty to defend could potentially arise. Thus, the facts alleged in the <u>Garcia</u> Petition, taken as true, could still "<u>potentially</u> assert a claim for coverage under the insurance policy." <u>Peachtree,</u> 647 F.3d at 253. The narrow <u>Griffin</u> exception, which requires the negation of the duty to defend, does not apply here because the duty to defend has not been conclusively negated. <u>See Griffin,</u> 955 S.W.2d at 84.

Moreover, Plaintiff does not allege that judgment has been rendered against Defendant, or that a settlement has been reached in the underlying state court litigation, or that Defendant is legally obligated to pay any sums as damages to which the AIG Policy would apply. For all these reasons any ruling addressing Plaintiff's duty to indemnify Defendant for damages he may become legally obligated to pay would be "hypothetical, conjectural, conditional [and] based upon the possibility of a factual situation that may never develop." <u>See Brown & Root, Inc.,</u> 383 F.2d at 665 (5th Cir. 1967). It would constitute an advisory opinion at this stage. Plaintiff's request for declaratory relief is thus subject to dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

Alternatively, the court grants Defendant's Motion under Federal Rule of Civil Procedure 12(b)(6) because Plaintiff has failed to state a claim for which relief can be granted. Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." <u>Twombly,</u> 127 S. Ct. at 1974. For the reasons stated above, the court finds that the facts are not sufficiently developed for any meaningful decision to be reached regarding Plaintiff's duty to defend or indemnify Defendant.

## IV.   <u>ORDER</u>

For the reasons explained in this Memorandum Opinion and Order, Defendant's Motion to Dismiss (Docket Entry No. 8) is **GRANTED**, and this action will be dismissed without prejudice.

**SIGNED** at Houston, Texas, on this 19th day of January, 2021.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE